Mr. Kerry M. Hicks, Chairman Campaign for Comprehensive Legal Reform 9 Hughes Road Oden, Arkansas 71961
Dear Mr. Hicks:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name THE LAW PRACTICE AND GOVERNMENT SERVICE REFORM AMENDMENT Ballot Title AN AMENDMENT PROHIBITING DISCRIMINATION IN ATTORNEY LICENSING AND ADMISSION TO PRACTICE; LIMITING ATTORNEY DISCIPLINE WITHOUT APPROVAL OF THE STATE SENATE; MANDATING FOUR YEAR TERMS OF OFFICE FOR ALL ELECTED COUNTY OFFICIALS IN THE STATE; AND PERMITTING LEGISLATORS BARRED BY TERM LIMITS TO AGAIN SEEK OFFICE AFTER TWO YEARS IN CERTAIN CIRCUMSTANCES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct *Page 2 
popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popularname and ballot title reflects my view of the merits of the proposal.This Office has been given no authority to consider the merits of anymeasure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669
(2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted *Page 3 
from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139
(1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605
(1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482,798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
In my judgment, the popular name "LAW PRACTICE AND GOVERNMENT SERVICE REFORM" is a catch phrase or slogan calculated to lend partisan coloring to the merits of your proposal. This follows from the fact that the term "reform," in ordinary usage, means "to make better." See Ark. Ops. Att'y Gen. Nos. 2003-127 and 99-199. The partisan coloring seems clear.
While I am empowered to substitute a more suitable and correct popular name for your measure (A.C.A. § 7-9-107(b)), I may also reject it, along with the entire ballot title and petition, stating my reasons therefor, and instruct you to redesign the proposed measure, ballot title and popular name in a manner that would not be misleading. Because I find that I must also reject your ballot title, I have chosen to exercise this option under A.C.A. § 7-9-107(c).
With regard to your proposed ballot title, various ambiguities arising from the text of your proposal prevent my substitution of a more suitable and correct title. Such ambiguities include, but are not necessarily limited to, the following: *Page 4 
 1. Section I(A) of your proposed measure provides as follows:
 Any person who shall have graduated from an accredited law school and shall have passed the Bar Examination in this state shall be licensed as an attorney at law and admitted to practice before all courts in this state, without regard for the said person's gender, race, political affiliation, political ideology, or expression of criticism against the Arkansas Supreme Court or any inferior court in this state[.]
 This provision is ambiguous in that it is unclear just how broadly the term "expression of criticism" might extend. If this term is meant to extend to any "expression of criticism," no matter how offensive and possibly unlawful, this fact might give a voter serious ground for reflection. If, on the other hand, it is meant only to mandate that candidates for admission to the bar can engage in critical speech regarding the judiciary that might serve as a basis for sanctions if undertaken by current members of the bar, a voter might have less ground for reflection. As drafted, your text is unclear regarding what you actually intend, rendering me unable to certify or to substitute a ballot title.
 It is further unclear how broadly you mean to apply the formulation that graduation from law school and passing the bar examination will automatically entitle an individual to admission to the bar. Currently, Rule XIII of the Rules Governing Admission to the Bar condition admission not only on graduation and a passing grade on the bar examination, but also on "moral qualifications, and mental and emotional stability." I cannot determine whether such qualifications are prohibited under your measure. This point may give voters "serious ground for reflection" and I cannot summarize it in a ballot title without clarification of the ambiguity. *Page 5 
 This provision is further ambiguous in that it is unclear how it marks a departure from existing constitutional law. The criteria you have listed as not supporting a denial of licensure are a part of existing constitutional law, although, as noted in the preceding paragraph, the Arkansas Supreme Court has additionally imposed certain affirmative ethical requirements for licensure. The Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990); Ark. Op. Att'y Gen. No. 2007-021. Given the uncertainty regarding precisely how you intend to alter existing law, I an unable to certify a ballot title.
 2. Section II(A) of your proposed measure provides as follows:
 In order to assure the reasonable autonomy of licensed attorneys at law in this state, no said attorney shall be disbarred or suspended from the practice of law in excess of 90 days unless a majority of the Senate passes a resolution agreeing with a proposed disbarment or suspension after a hearing in which the said attorney shall be allowed to testify[.]
 This provision is ambiguous in that it fails to address what variety of hearing would be conducted or who the hearing officials would be. The proposal further fails to address how the referenced senatorial determination would be made during the years-long periods when the legislature is not in session. If, as seems inevitable given the substance of this proposal, the Senate would need to be called into special session to consider each proposed disbarment or suspension in excess of 90 days during a legislative recess, a voter might have serious ground for reflection before approving the measure. I therefore cannot certify a ballot title summarizing this unclear point. *Page 6 
 3. Section III(A) of your proposed measure provides as follows:
 Beginning with the election year 2010, all elected county officials in the state shall be elected for a term of four years[.]
 This provision is ambiguous in that it does not specify the officials included in the phrase "county elected officials." It is unclear, for example, whether this phrase would include quorum court members, who are technically quorum court district officers, but who are often commonly thought of as county elected officials. See, e.g., Ops. Att'y Gen. 2003-059 and 99-009.
 4. Section III(B) of your proposed measure provides as follows:
 Any legislator who is barred by term limits from reelection to the House of Representatives or Senate shall be entitled to again seek election to the said Office after two years, provided that said person has not worked for any lobbying organization for at least eighteen (18) months prior to filing for election to the said office.
 This provision is ambiguous in that it fails to clarify whether the term-limited legislator will be eligible after two years to another term only for the "said Office" — i.e., the office for which he was term-limited — or, in accordance with current practice, whether he may also seek election to a term in the other chamber of the legislature.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. *Page 7 
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL
 Attorney General *Page 1